FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: May 10 2023

KEVIN P. WEIMER , Clerk

By: L. Glaser
**Deputy Clerk**

# United States District Court

NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

RODERICK BATTLE

**CRIMINAL COMPLAINT**

Case Number:  1:23-mj-454

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about May 10, 2023 in Fulton County, in the Northern District of Georgia, the defendant, RODERICK BATTLE,

(1) did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving (i) at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A); (ii) at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B); and (iii) at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B); all in violation of Title 21, United States Code, Section 841(a)(1);

(2) did knowingly possess a firearm in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, that is, to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Section 924(c); and

(3) knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Special Agent of the Federal Bureau of Investigation and that this complaint is based on the following facts in the ATTACHED AFFIDAVIT. Continued on the attached sheet and made a part hereof.    Yes

Signature of Complainant
Timothy O'Brien

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

May 10, 2023
Date

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA John DeGenova /

at   Atlanta, Georgia
City and State

Signature of Judicial Officer

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: May 10 2023

KEVIN P. WEIMER, Clerk

By: L. Glaser
**Deputy Clerk**

**Affidavit**

I, Timothy O'Brien, a Special Agent of the Federal Bureau of Investigation,

depose and state under penalty of perjury as follows:

## I.    PURPOSE OF AFFIDAVIT AND BACKGROUND OF AGENT

1.    This Affidavit is made for the limited purpose of establishing probable cause

in support of a Criminal Complaint that on or about May 10, 2023, in the Northern District

of Georgia, Roderick BATTLE, the defendant:

a.  did knowingly and intentionally possess with intent to distribute a controlled

substance, said act involving (i) at least 500 grams of a mixture and substance containing

a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to

Title 21, United States Code, Section 841(b)(1)(A); at least 100 grams of a mixture and

substance containing a detectable amount of heroin, a Schedule I controlled substance,

pursuant to Title 21, United States Code, Section 841(b)(1)(B); and at least 500 grams of a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation

of 21 U.S.C. §§ 841(a)(1);

b.  did knowingly possess a firearm in furtherance of a drug trafficking crime

for which the defendant may be prosecuted in a court of the United States, that is, to possess

with intent to distribute a controlled substance, in violation of Title 21, United States Code,

Section 841(a)(1), all in violation of Title 18, United States Code, Section 924(c); and

c.  knowing that he had been previously convicted of a crime punishable by

imprisonment for a term exceeding one year, did knowingly possess, in and affecting

interstate commerce, a firearm, that is, a loaded nine-millimeter semiautomatic Taurus PT-24 pistol, bearing serial number TD072060, and a loaded American Tactical AR-style pistol (loaded with .223 and 5.56 caliber ammunition), bearing serial number NS155616, in violation of Title 18, United States Code, Section 922(g)(1).

2.     I am an "Investigative or Law Enforcement Officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I am a Special Agent ("SA") of the United States Department of Justice, Federal Bureau of Investigation ("FBI"), and have been so employed since December 2022. During that time, I have been assigned to an investigative unit dealing with organized crime, drug trafficking, and money laundering. During my training at the FBI Academy in Quantico, Virginia, I received extensive training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches and the legal requirements for the interception of telephone communications. Prior to joining the FBI, I spent approximately eleven and a half years as a police officer in Arlington, VA where I investigated numerous offenses including narcotics, firearms, and gang-related offenses. During my law enforcement career, I participated in the execution of numerous search warrants for residences in connection with drug investigations. I have also participated in numerous arrests for drug offenses. In that capacity, I have seized or participated in the seizure of many types of drug evidence, drug paraphernalia, drug records, drug proceeds, and evidence of associated offenses like firearms offenses.

2

3.     I have personally participated in some of the investigation described herein. In addition, I have reviewed information obtained from law enforcement and commercial databases, and I have discussed this case with other law enforcement officers who have been involved in this investigation or who have investigated the subjects of this investigation and their associates in the past. Because this Affidavit is being submitted for the limited and specific purpose of establishing probable cause to support a Criminal Complaint, I have not included every fact known to law enforcement concerning this investigation.

## II.    PROBABLE CAUSE

4.     On May 10, 2023, FBI agents executed a federal search warrant at the residence located at 57 Macon Place SE, Atlanta, GA 30354. That warrant was filed at Case No. 1:23-MC-920, and it authorized agents to search for and to seize various evidence and contraband, including suspected controlled substances, firearms, ammunition, electronic devices (such as cell phones). Before executing the warrant at 57 Macon Place SE Atlanta, agents called outside the occupants, and the following individuals came out: BATTLE, as well as one man, C.C., and two women, F.B. and S.W. The residence is a one-story, ranch-style home with approximately four bedrooms, two bathrooms, and an attic.

5.     During the search of the residence, agents located and seized quantities of suspected narcotics in multiple rooms in the residence, including:

a.  Approximately five kilograms of suspected methamphetamine;

b.  Approximately 4.2 kilograms of suspected cocaine, including approximately

one kilogram of cocaine (broken into four pieces) in the kitchen;

   c.  Approximately 600 grams of heroin; and

   d.  Approximately 55 grams of suspected cocaine base.[1]

6.     Agents also found thousands of pills, the complete chemical composition of which is unknown. These pills included a plastic bag, found in the kitchen, containing pills of assorted colors and a powder substance that appeared to come from the pills, at the bottom of the bag. The powder substance field-tested positive for fentanyl.

7.     In addition to those suspected narcotics, agents seized bulk U.S. currency and two loaded firearms: namely, a nine-millimeter semiautomatic Taurus PT-24 pistol bearing serial number TD072060, along with a magazine containing live rounds of nine-millimeter ammunition that was inserted into the Taurus pistol ("the Taurus").[2] Agents also located an American Tactical AR-style pistol which was loaded with multi-caliber (.223 and 5.56 ammunition) dual magazine. Agents seized the two firearms from underneath a bed in one of the bedrooms of the residence, which agents identified as BATTLE's, as discussed below.

8.     BATTLE was advised of his *Miranda* warnings, and he expressed an understanding of the same, after which BATTLE indicated that the bedroom where the firearms were located was the bedroom that he used. BATTLE admitted to obtaining and

---

[1] Agents field-tested the suspected methamphetamine, cocaine, heroin, and cocaine base, and these substances field-tested positive for the presence of the respective drugs.

[2] Agents queried the serial number of the seized Taurus pistol through a law enforcement database, through which I learned that the Taurus pistol was reported stolen to Atlanta PD on December 10, 2022. A telephone call by investigators determined that the firearm is still reported as a positive stolen record.

distributing drugs. He said that he would meet an unidentified man driving a tractor trailer at a location nearby the residence to retrieve the drugs. BATTLE directed agents to retrieve a cellphone which was located on the bed inside of that room, which BATTLE unlocked and showed agents information inside of the cellphone. BATTLE's significant other, who was also briefly interviewed (S.W.), indicated that the same bedroom was the bedroom that she and BATTLE had occupied. Additionally, agents located a wallet in the living room containing BATTLE's driver's license. This bedroom was directly adjacent to the kitchen, where agents found some of the aforementioned cocaine and fentanyl. Accordingly, I believe that BATTLE possessed the firearms and suspected narcotics found within the residence.

9.     I have consulted with Special Agent Austin Childress from the Bureau of Alcohol, Tobacco, Firearms and Explosives, who has advised that the seized Taurus pistol and American Tactical pistol were not manufactured in the State of Georgia, and that they, therefore, moved in or affected interstate commerce. SA Childress has completed the ATF interstate nexus training, and has previously classified firearms to establish interstate nexus for ATF, FBI, and other federal agencies.

10.     Based on criminal justice records, I am aware that on or about April 7, 2000, BATTLE was convicted of a felony drug offense in Fulton County, Georgia, which is a crime punishable by imprisonment for more than one  year (and which prohibits his possession of a firearm and/or ammunition under federal law). I am also aware that BATTLE was convicted of a felony drug charge on or about July 31, 2006 in Fulton County Superior Court for manufacturing, selling, dispensing and/or distributing narcotics, which

is also punishable by imprisonment for more than one year (and which prohibits his possession of a firearm and/or ammunition under federal law). According to BATTLE's criminal history records, BATTLE received a suspended sentence of nine years and six months for this conviction and was sentenced to six months' confinement. I believe, therefore, that BATTLE knew, prior to May 10, 2023, that he had been convicted of a felony – a crime punishable by more than one year of imprisonment.

11.    Based on my training and experience, and my knowledge of this investigation, I believe that the quantities of seized narcotics are consistent with distribution, not personal use. I am aware that drug traffickers often possess firearms, and that firearms are considered "tools of the trade" for drug dealers. Given the presence of two loaded firearms in the residence (in a bedroom that BATTLE identified as his), along with distribution quantities of various controlled substances and bulk U.S. currency, I believe that BATTLE possessed a firearm on or about May 10, 2023, and that he did so in furtherance of a drug trafficking offense, that is, to possess with intent to distribute a controlled substance on or about May 10, 2023.

## III.    CONCLUSION

12.    Based on the foregoing information, I submit that there is probable cause demonstrating that on or about May 10, 2023, in the Northern District of Georgia, BATTLE did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and did knowingly and unlawfully possess a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

**End of Affidavit**