UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**         CASE NO.: 1:23-CR-00280

**v.**

**RODERICK BATTLE**

### MOTION TO SUPPRESS SEARCH OF SEIZED PHONE

**COMES NOW** the Defendant Roderick Battle (hereinafter "Battle"), by and through undersigned counsel, and moves the Court under Fed. R. Crim. P. 12(b)(3)(C) and moves this Court to suppress all evidence of any kind and the fruits thereof-including alleged physical evidence, statements, identification, and testimony- illegally obtained by government agents during their unlawful search obtained in violation of Defendant's Fourth, Fifth, Sixth and Fourteenth Amendment rights, 18 U.S.C. 2234, 18 U.S.C. 2510, et. Seq or Fed. R. Crim. P. 41.

During his illegal detention and search, a phone (678-544-0758) was seized during the illegal search, seizure and questioning of Defendant and his residence. A warrant was taken out, months later, for the search of the phone. Said warrant was deficient in that it lacked probable cause and in other way.

In <u>Riley v. California</u>, 573 U.S. (2014), the Supreme Court made clear that a defendant has an expectation of privacy in the contents of his cell phone and

the government could not search a cell phone without a valid warrant. The issue here is simply whether there was a valid warrant at the time that the searches occurred. Probable cause is required for a search warrant to issue. "Both the United States and Georgia Constitutions protect against 'unreasonable searches and seizures.'" Ornelas v United States, 517 U.S. 690; Illinois v Gates, 462 U.S. 213 (1983); and Fortson v. State, 277 Ga. 164, 167 587 S.E.2d 39 (2003). The Fourth Amendment protects an individual's rights against unreasonable searches and seizures through its requirement that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Similarly, the Georgia Constitution provides that a search warrant may not issue except upon probable cause to believe that an offense has been committed supported by an affidavit particularly describing the place to be searched and the things to be seized. GA Const. Art. 1, § 1, ¶ XIII. The Second Circuit has noted that:

> [I]t is generally understood that "probable cause to search is demonstrated where the totality of circumstances indicates a 'fair probability that contraband or evidence of a crime will be found in a particular place.' This required nexus between the items sought and the "particular place" to be searched protects against the issuance of general warrants, instruments reviled by the Founders who recalled their use by Crown officials "to search where they pleased."

United States v. Clark, 638 F.3d 89, 94 (2d Cir. 2011) (internal citations omitted); United States v. Williams, 162 Fed.Appx. 884 (11th Cir. 2006)(Probable

cause exists "'when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location.'"), quoting United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999).

                1.      The Warrants Failed to Establish the Required Nexus

However, to be constitutional, a warrant must set forth a "nexus . . . between the item to be seized and criminal behavior." Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 307 (1967). In other words, there must be a relationship between the items sought and the place law enforcement requests to search for them. See Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978) ("The critical element in a reasonable search is not that the owner of property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought."). As in many areas of the Fourth Amendment, the start of the inquiry is reasonableness--would a reasonable person believe the items sought could be found in particular place. See, e.g., United States v. Biglow, 562 F.3d 1272, 1279 (10th Cir. 2009) ("a sufficient nexus is established once an affidavit describes circumstances which would warrant a person of reasonable caution in the belief that the articles sought are at a particular place." (internal quotation marks omitted)); United States v. Elbe, 774 F.3d 885, 889-90 (6th Cir. 2014), cert. denied, 135 S. Ct. 1573

(2015) ("[N]exus can be inferred from the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences that may be drawn as to likely hiding places." (internal quotation marks omitted)); United States v. Ribeiro, 397 F.3d 43, 48 (1st Cir. 2005) ("Put differently, the application must give someone of 'reasonable caution' reason to believe that evidence of a crime will be found at the place to be searched."). For example, a mere "allegation that the defendant is a drug dealer, without more, is insufficient to tie the alleged criminal activity to the defendant's residence." United States v. Frazier, 423 F.3d 526, 533 (6th Cir. 2005) (finding insufficient nexus where law enforcement proffered "uncorroborated testimony of unproven confidential informants" that the defendant was a drug dealer as basis for belief drugs would be discovered at his residence). See also United States v. Lalor, 996 F.2d 1578, 1582-83 (4th Cir. 1993) (finding warrant invalid due to lack of nexus between alleged drug activity and defendant's residence, but affirming on good-faith grounds); United States v. McPhearson, 469 F.3d 518, 524 (6th Cir. 2006) (holding nexus insufficient between suspected drug activity and search of defendant's residence where defendant had been arrested on a non-drug offense, but had crack on his person); United States v. Carpenter, 360 F.3d 591, 594 (6th Cir. 2004) ("The facts that marijuana was growing 'near' the residence and that a road ran nearby fall short of establishing the required nexus between the Carpenters'

residence and evidence of marijuana manufacturing."); <u>United States v. Rubio</u>, 727 F.2d 786, 795 (9th Cir. 1983) (holding that, in pursuit of racketeering charge, individual criminal behavior of individual motorcycle club members was not sufficient nexus for seizure of evidence pertaining to club membership generally); <u>United States v. Rowland</u>, 145 F.3d 1194, 1205-06 (10th Cir. 1998) (holding anticipatory warrant failed to establish nexus between contraband sought and the defendant's home).The warrants authorized a search and seizure of every possible and conceivable piece of data on the phone and any files or data contained in any email accounts related to the phone or related to any applications for third-party websites, such as Facebook. The affidavit further failed to provide any nexus between the items sought, the places searched, and the alleged charges. The affidavit further failed to provide any nexus linking the use of computer applications, e-mails, texts, or any other place or file sought to be searched to the alleged crimes.

      2.     The Warrant Was Overbroad

Additionally, the affidavit was also unconstitutionally overbroad as this would allow a search of all files and all emails within the cell phone with no probable cause limitation on which files could be seized. "Any search of an electronic source has the potential to unearth tens or hundreds of thousands of individual documents, pictures, movies, or other constitutionally protected

content. It is thus imperative that the government 'describe the items to be seized with as much specificity as the government's knowledge and circumstances allow.'" <u>In the Matter of the Search of Information Associated with [Redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.</u>, Magistrate Case. No. 14-228 (JMF) (3/7/2014)(U.S.D.C. D.C.), (hereinafter "Apple Opinion"), *(*quoting <u>United States v. Leary</u>, 846 F.2d 592, 600 (10th Cir. 1988)); see also <u>Riley v. California</u>, 134 S.Ct. 2473 (June 14, 2014)( "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life,' [Cits. omitted]. The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought. Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple— get a warrant.").

      3.      The Warrant Was Not Sufficiently Specific

The affidavit failed to provide sufficiently specific guidelines for identifying and separating the documents sought in the warrant from those outside the scope of the warrant, in order to prevent a wholesale seizure of documents not provided for in the warrant.

Furthermore, the affidavit was not particularized as to what items law enforcement sought to seize within the phone. A description of the items to be seized "cannot leave the determination of what articles fall within the warrant's description and are to be seized entirely to the judgment and opinion of the officer executing the warrant." Dobbins v. State, 262 Ga. 161, 164 (1992) Thus, where the warrant leaves the determination of what items were to be seized entirely up to the discretion of the officers executing the warrant violates the U.S. and Georgia Constitutions. *Id.* A description in a search warrant is sufficient and particular when "it enables the searcher to reasonably ascertain and identify the things authorized to be seized" and prevents "general, exploratory rummaging in a person's belongings." United States v. Wuagneux, 683 F.2d 1343, 1348-1349 (11th Cir. 1982).

"As a general rule, in searches made pursuant to warrants only the specifically enumerated items may be seized." United States v. Tamura, 694 F.2d 591, 595 (1982), accord United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162 (9th Cir. 2010) (en banc). A blanket search of documents is not permissible unless the warrant provides "sufficiently specific guidelines for identifying the documents sought" and officers actually follow the guidelines when conducting the search. *Id.*

Furthermore, "The wholesale *seizure* for later detailed examination of records not described in the warrant is significantly more intrusive, and has been characterized as "the kind of investigatory dragnet that the fourth amendment was designed to prevent." Id., quoting, United States v. Abrams, 615 F.2d 541, 543 (1st Cir. 1980). Instead, where the documents sought are so intermingled that they cannot feasibly be sorted on site, law enforcement must first obtain approval from a neutral magistrate, setting forth the guidelines and procedures law enforcement will follow to prevent the seizure and retention of documents not covered by the warrant. Tamura, supra at 595-596. "In the comparatively rare instances where documents are so intermingled that they cannot feasibly be sorted on site, ...the Government [should] seal[] and hold[] the documents pending approval by a magistrate of a further search, in accordance with the procedures set forth in the American Law Institute's Model Code of Pre-Arraignment Procedure." *Id.*

Further, "If the need for transporting the documents is known to the officers prior to the search, they may apply for specific authorization for large-scale removal of material, which should be granted by the magistrate issuing the warrant only where on-site sorting is infeasible and no other practical alternative exists." Id. at 596. "The essential safeguard required is that wholesale removal must be monitored by the judgment of a neutral, detached magistrate." Id. In the absence of an exercise

of such judgment prior to seizure, the seizure, even though it may be convenient under the circumstances, is unreasonable. *Id.*

However, once the items are seized, the requirement that any items not covered by the warrant be first screened and segregated by computer personnel may not be ignored. United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1169 (9th Cir. 2010). Law enforcement must obtain authorization by a neutral magistrate to examine all the data contained on the computer equipment and storage devices, Tamura, *supra* at 596, where law enforcement must first provide a strong case for off-site examination and segregation of the evidence seized. See Comprehensive Drug Testing, *supra* at 1168.

### 4. The Warrant Failed To Provide Procedural Safeguards

The authorization must set forth certain procedural safeguards and significant restrictions on how the seized data will be handled, procedures "designed to ensure that data beyond the scope of the warrant would not fall into the hands of the investigating agents." Id. "The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect." Id. at 1177.

As such, there should be an initial review and segregation of data conducted not by investigating agents, but by computer personnel, whose job it would be to determine whether the data could be segregated on-site, and then to screen, segregate, and return the data and materials that are not the object of the search. Id. 1168, 1171; See In re U.S.'s Application for a Search Warrant to Seize and Search Electronic Devices from Edward Cunnius, 770 F.Supp.2d 1138, 1141(W.D. Wash. 2011) (despite the existence of probable cause to search digital devices, the warrant requested by the government was overbroad; the "affidavit contain[ed] no reference to use of a filter team, and no promise to foreswear reliance on the plain view doctrine."); In the Matter of the Search of premises known as: A Nextel Cellular Telephone with [redacted] (Unknown Assigned Telephone Number) Belonging to and Seized from [redacted], Case No. 14-MJ-8005-DJW, (D.C. Kan. June 26, 2014). Moreover, merely submitting a "search protocol" is not sufficient to insulate the government from a Fourth Amendment violation; the search protocol must comport with the Fourth Amendment. *Id.*

WHEREFORE, Battle respectfully requests that this Court hold an evidentiary hearing on the matters raised herein; and, upon hearing same, issue an Order prohibiting the United States from introducing any of the excluded evidence at trial.

This 8th day of September, 2025.

                                                          Respectfully submitted,

                                                          <u>s/Stuart M. Mones</u>
                                                          Mones Law, P.C.
                                                          Attorney for Defendant
                                                          Georgia Bar No.: 760737750

191 Peachtree Street, NE
Suite 3950
Atlanta, Georgia 30303

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2025, I electronically filed Defendant's Second Particularized Motion to Suppress with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John DeGenova
Assistant United States Attorney
600 Richard Russell Building
75 Ted Turner Dr., S.W.
Atlanta, Georgia 30303
john.degenova@usdoj.gov

This the 8th day of September, 2025

s/Stuart M. Mones
Mones Law Group, P.C.
